# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**FREDERICK EARL BUCKHALTER,**           **PLAINTIFF**
**# 20219**

v.                                        CAUSE NO. 1:18CV340-LG-RHW

**PELICIA HALL, JEWORSKI**
**MALLETT, ALICIA BOX, and**
**JOSEPH COOLEY**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court *sua sponte*. Pro se Plaintiff Frederick Earl Buckhalter is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action for release and damages, challenging the length of his incarceration. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### FACTS AND PROCEDURAL HISTORY

On August 2, 2010, Buckhalter pled guilty to being a felon in possession of a firearm, and he alleges that the Harrison County Circuit Court sentenced him to five years, suspended, with two years to serve on post release supervision, pursuant to a plea agreement. He was later arrested on June 29, 2015, on a charge of possession of a controlled substance. On June 21, 2016, he pled guilty as an habitual offender and claims he was sentenced to serve three years in the custody of MDOC. With credit for pretrial time spent in jail, Buckhalter asserts that he should have been released on June 29, 2018. Nevertheless, he is still being held on

both convictions. He claims that Defendants Pelicia Hall, Jeworski Mallett, Alicia Box, and Joseph Cooley, all employed by MDOC, are holding him both in excess of the statutory maximums for each sentence, as well as the sentences as they were actually handed down.

Plaintiff brings this action under 42 U.S.C. § 1983, seeking both release and damages.

## DISCUSSION

S<span>ECTION</span> 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in pertinent part that, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized

to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Buckhalter to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

A claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Buckhalter claims that Defendants have miscalculated his sentences and are holding him in excess of the time ordered by the trial courts and statutory maximums. Success on these claims will necessarily invalidate the length of his present incarceration. Therefore, the case may only proceed if he proves the sentence calculations have already been invalidated. He admits that they have not.

Because the sentence calculations have not yet been invalidated, Buckhalter

is precluded by *Heck* from challenging them in this civil action at this time. The § 1983 claims are therefore dismissed with prejudice for failure to state a claim, until such time as he successfully has the sentence calculations invalidated, via appeal, post-conviction relief, habeas corpus, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

HABEAS

Construing Buckhalter's *pro se* Complaint liberally, the Court finds that he is also making habeas claims. This is because he seeks immediate release. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Before Buckhalter can pursue the habeas claims in this Court, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the States the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claims for habeas relief, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). Although Buckhalter claims to have previously brought his claim in "the courts," sometime in the past two years, he is no more specific than that. He does not allege that he has brought his case before the Mississippi Supreme Court. For this reason, the Court declines to sever the habeas claims into a separate action at this time. Rather, the habeas claims will be dismissed without prejudice.

4

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, the 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as pro se Plaintiff Frederick Earl Buckhalter demonstrates that the sentence calculations have been invalidated, via appeal, post-conviction relief, habeas corpus, or otherwise.

**IT IS FURTHER ORDERED AND ADJUDGED** that the habeas claims are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of January, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE